## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | | |
|---|---|---|
| MITCHELL G. NEELY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CLAYTON EDWARDS, Captain, White | * | No. 4:11-cv-00419-SWW-JJV |
| County Jail; and DOES, Medical Staff, White | * | |
| County Jail | * | |
| | * | |
| Defendants. | * | |

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Mitchell Neely, a detainee in the White County Detention Facility, filed a *pro se*

Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his

constitutional rights.

## I.      SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The court

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally

frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  In reviewing a *pro se* complaint under

§ 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972).  The court must also weight all factual allegations in favor of the

plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992);

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless of whether a plaintiff is represented

or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See*

*Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*

at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than

a sheer possibility that a defendant has acted unlawfully.  *See id.*  Where a complaint pleads facts

that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility

and plausibility" of entitlement to relief.  *Id.* at 557.

## II.      FACTUAL ALLEGATION

In his Complaint, Plaintiff states the following:  "Denied Medical, Charge for seeing the

doctor [and] never seen him.  Plus Miss Durham look[ed] at my legal mail before she let it go out.

The deputy look[ed] at my incoming mail, that was legal mail."  (Doc. No. 1.)

## III.     ANALYSIS

Title 42 of the United States Code, section 1983, allows an individual to bring suit against

persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges,

or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996).

Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of

rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations

omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court finds that Plaintiff's Complaint (Doc. No. 2) fails to state a claim of constitutional proportions and should be DISMISSED. Plaintiff's medical claim lacks sufficient detail to allow the Court to draw an inference that Defendants are liable for any type of misconduct. Accordingly, Plaintiff's medical claim should be DISMISSED as frivolous and for failure to state a claim upon which relief may be granted.

As to his claim pertaining to his legal mail, interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). To state a claim of denial of meaningful access to the courts an inmate must show that he has suffered an actual injury, i.e.*,* that the inmate's ability to pursue a legal claim has been hindered. *See Lewis v. Casey*, 518 U.S. 343, 347-351 (1996); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997); *Davis*, 320 F.3d at 351. In his Complaint, Plaintiff fails to allege that he suffered an actual injury from the opening of his legal mail. Furthermore, neither of the people alleged to have opened his legal mail are named as defendants in the Complaint. The Court, therefore, finds that Plaintiff fails to state a claim for denial of meaningful access to courts.

## IV.   CONCLUSIONS

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint (Doc. No. 2) should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of Plaintiff's Complaint should constitute a "strike" within the meaning

of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

      3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting this recommendation and an accompanying judgment would not be taken in good faith.

      DATED this 9th day of December, 2011.

 

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).